### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF COOS, NOVEMBER TERM,

### A. D. 1828.

## WILLIAM MATTOCKS *versus* SAMUEL G. BISHOP.

Where a writ, which had never been put on file, with the clerk of the court, by the plaintiff, has been lost, no leave to file a new writ will be granted to the plaintiff, without the consent of the defendant.

THIS was an action of assumpsit. It had been submitted to an auditor to examine the claims of the plaintiff, and report what sum was due. At the hearing, before the auditor, it was discovered that the plaintiff's writ had been mislaid, and could not be found. The defendant objected to a hearing without the writ, but the auditor proceeded, heard the parties, and reported that a certain sum was due, to the plaintiff. And now the plaintiff moved for leave to file a new writ.

This was opposed by the defendant, and it appeared that the writ had never been filed with the clerk of the court.

*By the court.* It was very long since the practice among the members of the bar in this state, instead of filing their writs with the clerk when the actions were entered,

to retain them in their own possession, until some disposition of the actions rendered it necessary that the writs should be on file with the clerk. The consequence of this was, that the writs were sometimes lost or mislaid, and when such accidents occurred, the plaintiff's counsel usually applied to the court for leave to file a new writ, which it is believed was generally granted.

This practice had its origin in the lower courts; but when original jurisdiction was given to this court, the members of the bar pursued the same course here, which had been pursued in the courts below, and retained their writs in their own possession, until something was done in the suits which made it necessary to file them; and when a writ was lost, leave was given to file a new one.

But this court very soon saw the danger and inconvenience of this practice; and it is now several years since it was decided, that where a writ had not been regularly filed with the clerk, no leave, in case of the loss of it, should be given to file a new writ, unless with the consent of the opposite party.

Regularly, all writs ought to be filed with the clerk, when the action is entered, and ought not to be permitted to be afterwards taken from the files. And if a different course is pursued, those who neglect to file and those who take from the files, writs, will be held responsible for all damages that may accrue to any party by reason of the loss of them.

In this case, the writ was never filed with the clerk, and as the defendant objects to a new suit, we are clear, that no leave to file a new writ ought to be granted.