## WHITCHER *vs.* WHITCHER.

Where a writ is lost, the court may grant leave to file a writ ; which must be a true copy of the original. A new indorser may or may not be required, in the discretion of the court.

The court may permit a copy of a writ to be used on the trial of a cause, if, for any reason, the original cannot be produced at the time.

ASSUMPSIT, upon a promissory note. At the September term of the common pleas, the writ and note having been lost or mislaid, the plaintiff's counsel offered copies of the original writ, and note, and moved for leave to file a new writ, and to use the copies produced, upon the trial. He introduced evidence showing, that certain affidavits, used at the

Whitcher *v.* Whitcher.

previous term, for the purpose of obtaining a continuance, were ordered to be filed, and were filed ; and that according to the best recollection of the counsel, the writ and note were filed with them ; that diligent search had been made for them, and that they were not now to be found. The writ was served by an attachment of real estate, and the copy produced was that which was left with the town clerk, by the officer who made the service.

The court ruled that the plaintiff have leave to file copies of the writ and note, and to proceed to trial upon the copies, instead of the originals, to which ruling the defendant's counsel objected.

A set-off had been filed by the defendant, which was also missing, and upon motion was withdrawn from the case. And it was thereupon agreed, by the parties, that the action should be transferred to this court. If the ruling above stated was correct, judgment to be rendered for the plaintiff, otherwise for the defendant.

*Norris*, for the defendant.    The plaintiff was not entitled to file a new writ.    4 *N. H. Rep.* 439, *Mattocks* vs. *Bishop*. The affidavit of the counsel does not show that the writ was ever on file.    He is not positive of that fact.    His best recollection is that he filed it along with other papers, but that is not sufficient.

The case shows that there is no writ.    The constitution requires that all writs issuing out of the clerk's office, in any of the courts of law, shall, among other things, be under the seal of the court, bear test of the chief or senior justice of the court not interested, and be signed by the clerk ; and the statute requires all writs to be indorsed by the plaintiff, or his agent or attorney, or by some responsible person.    The writ filed, and on which the court permitted the plaintiff to go to trial, is a copy of a copy, and is not indorsed.

*Nesmith*, for the plaintiff.

Whitcher *v.* Whitcher.

PARKER, C. J. A plaintiff is not necessarily subjected to the loss of his cause, because his writ has been lost. If a note is lost, the party to whom it is due may show its existence and loss, and, proving the contents of it, he is entitled to a verdict. If a deed is lost, the grantee has not thereby lost his title, but may maintain, or recover, the possession, upon evidence of its existence, duly executed, with its delivery, and loss. And so, where his writ is lost, he may, in a proper case, have leave to file a new writ. This appears from the case, *Mattocks* vs. *Bishop*, 4 *N. H. Rep.* 439, cited for the defendant. But it is there held that leave will not be granted, if the writ has never been put on file. Upon the authority of that case, it is objected, that the plaintiff in this could not have leave to file a new writ. The evidence to show that the writ has been filed, is not, it is true, perfectly positive upon that point, but it is sufficient to create a reasonable belief of the fact, and must be considered *prima facie* evidence of it. As there was nothing to contradict it, the leave to file a new writ was well granted.

The provision of the constitution can hardly be regarded as applicable to such a case ; for the writ thus to be filed is, in fact, but a copy of the one which is lost. The court cannot give leave to file a writ materially different from the original. But we think the proper course, where leave is given to file a writ, is to make out one in the ordinary form, like the original, with a seal, and a copy of the return, certified as such. And an indorser should also be furnished in some cases ; for, the original being lost, the defendant, if he obtained judgment, might be put to inconvenience, and possibly be unable to make proof of the indorsement on the original, which can no longer be produced. The new writ should also contain upon it the certificate of the clerk, that it was filed by leave of the court, on the loss of the original.

It does not appear that all this was done in this case ; but if it was not, it does not vitiate the proceedings. As already remarked, the new writ to be filed is no more than a copy of

Whitcher *v*. Whitcher.

the old one. There may be a new indorser, for it is competent for the court to give leave to change the indorsement, and to require a new one. But there is nothing imperative in this respect. If the evidence of the original indorsement is clear, and easy of proof, a new indorsement is not necessary, and in the discretion of the court may not be required. The indorser of a writ is no more discharged by the loss of it, than the maker of a note is, by its loss.

The matter may still be put in form, if any particular has been omitted in making up the proper file.

The use of the copy upon the trial, by permission of the court, was not erroneous. The copy produced, being one made and certified by the officer upon the service of the writ, was sufficiently authentic ; and we are not aware of any rule which should prevent the court from giving a party leave to use an authenticated copy of a writ, on the trial of an action, even if the writ was not lost. There should undoubtedly be some good reason, showing that the original could not be produced at the time, and that the party was not in fault, in such an appeal to the discretion of the court. If it could be shown that there was error in the copy, and that the defendant had thereby been prejudiced, the case would present a different aspect ; but as it stands, we are of opinion that the plaintiff is entitled to judgment.

It appearing, however, that the papers, including the defendant's set-off, had been found in the clerk's office, since the trial, upon motion of the defendant's counsel the case was discharged, and the action remanded to the common pleas for a

*New trial.*